IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 JUN 16  AM 9: 08
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD

| | |
|---|---|
| CROSSROADS SYSTEMS, INC.,<br>        Plaintiff,<br><br>-vs-<br><br>DOT HILL SYSTEMS CORP.,<br>        Defendant. | Case No. A-13-CA-800-SS |
| CROSSROADS SYSTEMS, INC.,<br>        Plaintiff,<br><br>-vs-<br><br>ORACLE CORPORATION,<br>        Defendant. | Case No. A-13-CA-895-SS |
| CROSSROADS SYSTEMS, INC.,<br>        Plaintiff,<br><br>-vs-<br><br>HUAWEI TECHNOLOGIES CO. LTD.; HUAWEI ENTERPRISE USA INC.; and HUAWEI TECHNOLOGIES USA INC.,<br>        Defendants. | Case No. A-13-CA-1025-SS |
| CROSSROADS SYSTEMS, INC.,<br>        Plaintiff,<br><br>-vs-<br><br>CISCO SYSTEMS, INC.,<br>        Defendant. | Case No. A-14-CA-148-SS |

CROSSROADS SYSTEMS, INC.,
                Plaintiff,

-vs-                                              Case No. A-14-CA-149-SS

NETAPP, INC.,
                Defendant.

---

CROSSROADS SYSTEMS, INC.,
                Plaintiff,

-vs-                                              Case No. A-14-CA-150-SS

QUANTUM CORPORATION,
                Defendant.

---

## CONSOLIDATED ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled causes, and specifically Defendant Dot Hill Systems Corp. (Dot Hill)'s Opposed Motion to Stay Pending *Inter Partes* Review [#107], Plaintiff Crossroads Systems, Inc. (Crossroads)'s Response [#114], and Dot Hill's Reply [#120];[1] Crossroads' Motion for Leave to File Sealed Document [#115];[2] Crossroads' Motion for Leave to File First Amended Complaint [#121], Dot Hill's Response [#122], and Crossroads' Reply [#123];[3] Defendants Oracle Corporation, Huawei Technologies Co. Ltd., Huawei Enterprise USA, Inc., Huawei Technologies USA, Inc., Cisco Systems, Inc., NetApp, Inc., and Quantum Corporation (collectively, the Joint Defendants)'s Joint Motion to Stay Pending *Inter*

---

[1] With respect to Dot Hill's motion to stay, the response, and the reply, the Court has used the docket entries for case number 1:13-CV-800-SS (the Dot Hill Case).

[2] Filed in the Dot Hill Case.

[3] Filed in the Dot Hill Case.

*Partes* Review [#88], Crossroads' Response [#89], and Joint Defendants' Reply [#93];[4] Crossroads' Motion for Leave to File Sealed Document [#90];[5] and Joint Defendants' Notice of Coordinated Scheduling for *Inter Partes* Review Proceedings [#98], Crossroads' Response [#99], and Joint Defendants' Reply [#100].[6] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

This case is a patent infringement suit brought by Crossroads against Defendants. At issue are four patents: (1) United States Patent No. 6,425,035 (the '035 Patent); (2) United States Patent No. 7,934,041 (the '041 Patent); (3) United States Patent No. 7,051,147 (the '147 Patent); and (4) United States Patent No. 7,987,311 (the '311 Patent).[7] All four patents are titled "Storage Router and Method for Providing Virtual Local Storage," and they all are continuations of United States Patent No. 5,941,972 (the '972 Patent). Concurrently with this order, the Court enters a consolidated *Markman* Order for all six cases. While awaiting the Court's ruling on claim construction, the defendants have sought to stay the case in light of pending *inter partes* review (IPR) proceedings with the Patent Trial and Appeal Board (PTAB). Defendant Dot Hill has filed its own motion to stay based on the PTAB's decision to institute review of all fourteen claims of the '035 Patent in two IPR

---

[4] The Joint Defendants' Joint Motion to Stay, the response, and the reply are filed in each of the Joint Defendants' corresponding cases. For ease of reference, the Court has used the docket entries for case number 1:13-CV-895-SS (the Oracle Case).

[5] This motion for leave has been filed in each of the Joint Defendants' corresponding cases, and the Court has used the docket entry for the Oracle Case.

[6] The Notice of Coordinated Scheduling for *Inter Partes* Review Proceedings, the response, and the reply are filed in each of the Joint Defendants' corresponding cases. The Court has used the docket entries for the Oracle Case.

[7] Crossroads asserts the '035 Patent against Dot Hill Systems, Inc.; the '035, '147, and '041 Patents against Oracle Corporation, Huawei Technologies Co. Ltd., Huawei Enterprise USA, Inc., Huawei Technologies USA, Inc., Cisco Systems, Inc., and Quantum Corporation; and the '035, '147, '041, and '311 Patents against NetApp, Inc.

proceedings. The defendants in the other five cases, the Joint Defendants, have filed a separate motion to stay based on the PTAB's decision to institute review of all claims in the '147 Patent and the '041 Patent that are commonly asserted against the Joint Defendants in addition the '035 Patent. Regarding the fourth patent, the '311 Patent, Crossroads has only asserted this patent against Defendant NetApp, and the PTAB has yet to institute review on any of its claims. Yet the '311 Patent has the same specification as the other three patents, a similar claim scope, and is the subject of a pending IPR request. While Dot Hill and the Joint Defendants have filed separate motions to stay, the substantive arguments are the same, and the Court addresses them together.

## Analysis

### I.   Legal Standard

With the passage of the America Invents Act, Congress replaced the former *inter partes* reexamination process with the *inter partes* review process. *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013). This Court's inherent power to manage its docket includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).[8]

---

[8] Though this three-factor test originated in the *inter partes* reexamination context, courts have continued to apply it when considering stays pending *inter partes* review. *E.g., Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *1 & n.1 (C.D. Cal. Dec. 19, 2012).

## II.  Application

### A.  A stay will not cause undue prejudice

Turning to the first factor, Crossroads argues it will be prejudiced by a stay because it depends on collection of license payments from the various defendants for its financial livelihood. To support this contention, Crossroads provides the affidavit of its "Executive Vice President, Corporate Development" who generically declares the defendants are Crossroads' competitors, and a stay "only serves to improve [the defendants'] market opportunity while diminishing Crossroads." *See* Crossroads' Mot. Leave File Sealed Doc. [#115-2][9] Ex. 3 (Hood Decl. for Dot Hill) (sealed) ¶¶ 3, 7; Crossroads' Mot. Leave File Sealed Doc. [#90-1][10] (Hood Decl. for Joint Defs.) (sealed) ¶¶ 3–4. Hood further generically claims a stay would lead to "wide spread" harm to Crossroads, "its employees, management's ability to keep the company solvent during a delay, the company's ability to attract additional engineering and sales resources as we would appear further weakened financially." Hood Decl. for Dot Hill ¶ 7; Hood Decl. for Joint Defs. ¶ 4. In short, Crossroads claims to need the money it believes it is entitled to under the license agreements, and it needs it as soon as possible lest it incur significant financial hardship.

The Court is not moved by these vague assertions of hardship, but even accepting these contentions as true, the Court does not find they amount to the sort of "undue" prejudice that would lead this Court to deny the requested stay. Every day this Court interacts with litigants desperate to collect money which they believe is rightfully theirs and which they often times immediately need. Yet the wheels of justice often grind slowly, and Crossroads must wait as long as it takes just as all

---

[9] Filed in the Dot Hill Case.

[10] Filed in the Oracle Case.

others do. The fact of the matter is Crossroads seeks exclusively monetary damages, and mere delay in collecting those damages does not constitute undue prejudice. *See Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-CV-457-JST, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) ("Delay alone does not usually constitute undue prejudice, because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework." (internal quotations omitted)).

Crossroads urges the Court to consider four sub-factors courts sometimes consider regarding whether a non-movant will suffer undue prejudice or a clear tactical disadvantage. Those factors are: (1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *See* Pl.'s Resp. [#114][11] at 3 (citing *Rensselaer Polytechnic Institute v. Apple Inc.*, No. 1:13-CV-633 (DEP), 2014 WL 201965, at *4 (N.D.N.Y Jan. 15, 2014)). These factors also weigh in favor of a stay.

First, the IPR petitions were timely filed before the one-year statutory deadline for initiating IPRs, and there is no indication in the record to the contrary. While Dot Hill apparently did not file a petition for IPR itself and has instead joined others' review proceedings, the Court sees no problem with Dot Hill's action. Consolidated proceedings serve efficiency, and the Court will not stay certain cases while allowing others to progress. Second, the record indicates the requests for stay were timely filed given when the PTAB instituted its reviews, and Crossroads offers no argument to the contrary.

Third, the PTAB has actually instituted review on essentially all asserted claims, making a stay appropriate. *See Rensselaer*, 2014 WL 201965, at *5 (denying a motion to stay in part because

---

[11] Filed in the Dot Hill Case.

the PTO had yet to even make an initial determination of the pending IPR petitions); *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. 1:12-CV-773-SS, 2013 WL 6097571, at *2 (W.D. Tex. June 10, 2013) (denying a motion to stay because "there is a real risk at this point the PTAB will decline to grant *inter partes* review, which would make a stay at this point a complete waste of time").

Fourth, Crossroads contends the defendants are its competitors, and a stay serves to give them an advantage in the marketplace. Crossroads, however, fails to substantiate this argument in any meaningful way. Moreover, even where parties are competitors, courts have found a stay is not unduly prejudicial to the patentee. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 1:12-CV-1744-GMS, 2013 WL 3353984, at *4–5 (D. Del. July 2, 2013) (granting pre-institution stay where parties were indirect competitors); *Hansen Mfg. Corp. v. Enduro Sys., Inc.*, No. 11-4030, 2012 WL 381238, at *5 (D.S.D. Feb. 6, 2012) (granting a stay pending IPR despite parties being competitors).

In sum, there is no indication of undue prejudice or a clear tactical disadvantage to Crossroads as the result of a stay. The defendants have simply exercised their statutory right to engage in the IPR process.

**B.     A stay will simplify the issues in question and trial of the case**

Clearly, a stay will simplify the issues in the case. In instituting the various IPRs, the PTAB has determined "there is a reasonable likelihood" the defendants will succeed on their challenges to the patents in question. 35 U.S.C. § 314(a). If, for example, the PTAB were to determine the claims were invalid, the case could effectively be over. If the defendants are unsuccessful before the PTAB, the issues in this case will still be narrowed because the defendants will be estopped from raising the

same invalidity contentions again in this Court.[12] 35 U.S.C. § 315(e)(2). As the Court has stated before, "[p]roceeding to trial could therefore prove to be extraordinarily wasteful of both the parties' resources and the Court's resources." *Click-to-Call Techs. LP v. Oracle Corp.*, No. 1:12-CV-468-SS, slip op. at 3 (W.D. Tex. Nov. 26, 2013). Crossroads counters by predicting victory before the PTAB, citing the previous reexaminations that the patents at issue survived. The Court is uninterested in reading the tea leaves and "need not look beyond the PTAB's threshold statutory requirement for granting review—'a reasonable likelihood that the petitioner [will] prevail.'" *Id.* at 3–4 (citing 35 U.S.C. § 314(a)).

In sum, the outcomes of the IPRs have clear and important implications for any subsequent proceedings in this Court, which strongly militates in favor of a stay.

**C.     Discovery is not complete and a trial date has not been set**

Considering the Court enters its *Markman* Order alongside this order to stay the case, there has been zero post-*Markman* discovery, nor has the Court entered its post-*Markman* scheduling order, which would, among other things, set the case for trial. As such, it makes no sense for the Court to proceed in parallel with the PTAB. "The finality of any judgment rendered by this Court will be dubious so long as the PTAB retains authority to review, and therefore invalidate, the asserted claims," and "[t]his has consistently been the Court's position with regard to stays under the new America Invents Act procedures." *Id.* at 4 (citing cases).

---

[12] All of the defendants have agreed to be bound by the estoppel provision regardless of whether it was the actual defendant who filed the petition at issue.

## Conclusion

After considering and weighing the relevant factors, the Court concludes staying the case to await the PTAB's final decision is the preferable route. Crossroads has also filed a motion for leave to file a first amended complaint in the Dot Hill Case in order to include allegations of additional acts amounting to a breach of contract. As indicated, the Court has yet to enter a post-*Markman* scheduling order, including a deadline for the filing of amended pleadings. If the claims at issue survive the PTAB's IPR and return to this venue, the Court will lift the stay and enter a scheduling order. Crossroads will be free to renew its motion at that time.

Accordingly,

IT IS ORDERED that Defendant Dot Hill Systems Corp.'s Opposed Motion to Stay Pending *Inter Partes* Review [#107] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Crossroads Systems, Inc.'s Motion for Leave to File Sealed Document [#115], filed in 1:13-CV-800-SS (the Dot Hill Case), is GRANTED;

IT IS FURTHER ORDERED that Crossroads' Motion for Leave to File First Amended Complaint [#121], filed in 1:13-CV-800-SS (the Dot Hill Case), is DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Defendants Oracle Corporation, Huawei Technologies Co. Ltd., Huawei Enterprise USA, Inc., Huawei Technologies USA, Inc., Cisco Systems, Inc., NetApp, Inc., and Quantum Corporation's Joint Motion to Stay Pending *Inter Partes* Review is GRANTED. The specific motions granted are: (1) docket entry #88 in 1:13-CV-895-SS (the Oracle Case), (2) docket entry #89 in 1:13-CV-1025-SS (the Huawei

Case), (3) docket entry #85 in 1:14-CV-148-SS (the Cisco Case), (4) docket entry #104 in 1:14-CV-149 (the NetApp Case), and (5) docket entry #89 in 1:14-CV-150 (the Quantum Case);

IT IS FURTHER ORDERED that Plaintiff Crossroads Systems, Inc.'s Motion for Leave to File Sealed Document [#90] is GRANTED. The specific motions granted are: (1) docket entry #90 in 1:13-CV-895-SS (the Oracle Case), (2) docket entry #91 in 1:13-CV-1025-SS (the Huawei Case), (3) docket entry #87 in 1:14-CV-148-SS (the Cisco Case), (4) docket entry #106 in 1:14-CV-149 (the NetApp Case), and (5) docket entry #91 in 1:14-CV-150 (the Quantum Case); and

IT IS FINALLY ORDERED that all six of these cases are STAYED until further order of the Court.

SIGNED this the 15th day of June 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE